UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARKUS KING-KNIGHT,

                 Plaintiff,

-against-

STATE OF NEW YORK, CORRECTION OFFICER NICHOLAS E. FLEURY, CORRECTION OFFICER AUSTIN R. MARTIN, CORRECTION OFFICER JOSHUA S. ALLEN, CORRECTION OFFICER LUKAS T. BENWAY, CORRECTION OFFICER LOGAN T. HAYES, SERGEANT JARRED S. BULLOCK, REGISTERED NURSE BRENDAHOL COMBE, REGISTERED NURSE CHRISTY CONKLIN, PHYSICIAN ASSISTANT CERTIFIED COSETTE WITTY-LEWIS, and JOHN DOE AND JANE DOE (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                 Defendants.

Case No. 1:25-cv-01148 (JLR)

**TRANSFER ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff brings this action asserting four claims under 42 U.S.C. § 1983 for the deprivation of rights under color of law. On February 11, 2025, the Court ordered Plaintiff to show cause why this action should not be transferred to the Northern District of New York, Dkt. 2, after which Plaintiff advised the Court that he does not object to transfer, Dkt. 6. For the reasons stated below, the Court hereby transfers this action to the United States District Court for the Northern District of New York.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. *Id.* § 1391(c)(1). An "entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2).

Pursuant to § 1391, venue is not proper in this District. As the Court observed in its earlier order:

> The Complaint does not allege that any Defendants reside in this District, nor does it allege that a substantial portion of the events or omissions giving rise to Plaintiff's claim occurred in this District. Indeed, a substantial portion of the Complaint's factual allegations pertain to employees of and events that occurred at Upstate Correctional Facility, which appears to be located in the Northern District of New York.

Dkt. 2 at 1.

"If a case is filed in the wrong district, a court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *United States ex rel. Donohue v. Carranza*, 585 F. Supp. 3d 383, 388 (S.D.N.Y. 2022) (quoting 28 U.S.C. § 1406(a)). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Nelson v. Wells Fargo Bank, N.A.*, No. 17-cv-04045 (LAP), 2019 WL 2514229, at *6 (S.D.N.Y. June 18, 2019) (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005)). "The Court's discretion is informed by 'the convenience of the parties, ease of access to sources of proof, and . . . concerns of judicial economy.' In addition, the Court may 'consider the ultimate goal of the 'expeditious and orderly adjudication of cases and controversies on their merits.'" *Id.* (omission in original) (citation omitted) (quoting *Holmes v. Romeo Enterprises, LLC*, No. 15-cv-03915 (VB), 2015 WL 10848308, at *4 (S.D.N.Y. Nov. 2, 2015), *appeal dismissed*, 667 F. App'x 317 (2d Cir. 2016) (summary order)).

2

Here, transfer — rather than dismissal — would allow for the expeditious and orderly adjudication of this case on its merits and better serve the interest of judicial economy. Accordingly, the Court finds that it would be in the interest of justice to transfer this case to the Northern District of New York.

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York.

Dated: February 27, 2025
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge